**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 08-1580

HAILU YOHANNES AWLACHEW,

Petitioner, Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent, Appellee.

ON APPEAL FROM THE
UNITED STATES TAX COURT

Before

Boudin, Lipez and Howard,
Circuit Judges.

Hailu Yohannes Awlachew on brief pro se.
Richard L. Parker, Michael J. Haungs, Tax Division, Department of Justice, and Nathan J. Hochman, Assistant Attorney General, on brief for appellee.

March 9, 2009

**Per Curiam**.  Pro se appellant Hailu Yohannes Awlachew appeals from a Tax Court decision, Awlachew v. Commissioner of Internal Revenue, T.C. Memo, 2007-365, 2007 WL 4322139 (U.S. Tax Ct. 2007), which upheld an Internal Revenue Service ("IRS") Notice of Determination dated November 18, 2005.  In its Determination, the IRS concluded that its tax lien based on Awlachew's outstanding taxes, penalties, and interest for the 2000 and 2001 tax years was necessary and should remain in full force and effect until satisfied or unenforceable.  After careful review of the record and the parties' contentions, we affirm because we agree with the Tax Court that there was no abuse of discretion by the agency.

On appeal, Awlachew primarily objects to the IRS's decision upholding its tax lien on the ground that the tax laws, as applied to him, were unfair and imposed a unique hardship, but the government correctly contends that arguments of this kind cannot succeed.  See, e.g., Speltz v. Commissioner of Internal Revenue, 124 T.C. 165, 176 (U.S. Tax Ct. 2005) ("In many contexts, literal application of the [alternative minimum tax] has led to a perceived hardship, but challenges based on equity have been uniformly rejected.") (citing numerous cases).  Furthermore, although Awlachew asks this court to abate his penalties and interest and to use his alternative minimum tax (AMT) credit to reduce his outstanding tax obligations, he fails to present any developed argument showing that such action by this court is warranted or

permissible.  Hence, we need not consider his claim.  <u>United States v. DeCologero</u>, 530 F.3d 36, 60 (1st Cir. 2008) (noting the well-settled appellate rule that perfunctorily raised claims are deemed waived).

In addition, Awlachew alleges that the IRS settlement officer who conducted his collection due process hearing inflexibly used the agency's uniform national and local expense standards in determining his monthly living expenses and unreasonably proposed that he make monthly installment payments of $1,250 to satisfy his tax debt.  In part, Awlachew fails to adequately develop his argument, thereby waiving appellate consideration, and his argument is also unpersuasive given his gross monthly income at that time.  Furthermore, the record supports the settlement officer's ultimate conclusion that Awlachew was "not interested" in entering into an installment agreement in order to pay his outstanding tax debt.

We note that Congress has recently amended the Internal Revenue Code by adding 26 U.S.C. § 53(f), which abates certain unpaid AMT liabilities.  <u>See</u> Emergency Economic Stabilization Act of 2008, Pub. L. 110-343, Div. C, Title I, § 103(a),(b), Oct. 3, 2008, 122 Stat. 3863.  Such relief as is afforded by § 53(f), however, does not affect this appeal.  As the parties' stipulations in the Tax Court confirm, Awlachew's tax liability for the 2000 tax year was attributable only "in part" to his AMT liability, and his tax liability for the 2001 tax year was not based on the AMT.

<u>Affirmed.</u>